FILED
OCT 19 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONEV COMPANY, INC., <br><br> Plaintiff, <br> vs. <br><br> PEDRO RODRIGUEZ dba STEELE CANYON PRODUCE, <br><br> Defendant. | CASE NO. 09cv2523 BEN (RBB) <br><br> **ORDER DENYING MOTION FOR ATTORNEYS' FEES** <br><br> [Dkt. No. 12] |

Plaintiff Donev Company, Inc. moves for $5,000 in attorneys' fees. Dkt. No. 12. Plaintiff brought this action for violation of the Perishable Agricultural Commodities Act ("PACA"). (Compl. ¶¶ 5,13.) Defendant Pedro Rodriguez dba Steel Canyon Produce failed to respond, the Court granted default judgment to Plaintiff, and the Court awarded $8,234.30 in damages to Plaintiff. In ruling on the motion for default judgment, the Court denied Plaintiff's request for attorneys' fees because Plaintiff "provide[d] the Court with no authority for the award of attorneys' fees," but granted Plaintiff leave to file a properly supported motion for attorneys' fees.

As noted in the Court's prior order, "the district court has limited authority to grant attorneys' fees to PACA claimants." *Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1225 (9th Cir. 2002). Plaintiff has not provided the Court with any authority for the award of attorneys' fees or explained the basis for such an award. *See id.* at 1222-25 (finding a valid contractual claim to attorneys' fees falls within PACA, identifying exceptions to the American Rule,

and explaining the application of the exceptions to PACA claims). Plaintiff may be entitled to attorneys' fees based on a valid contractual claim[1] or an exception to the American Rule, but Plaintiff has failed to identify the basis for his claim, cite supporting authority, or explain how he is entitled to attorneys' fees based on the facts of this case.

Plaintiff's motion for attorneys' fees is **DENIED** without prejudice and with leave to file a properly supported motion for attorney's fees that includes a memorandum of points and authorities explaining Plaintiff's entitlement to attorneys' fees.

The October 25, 2010 hearing date is vacated.

**IT IS SO ORDERED.**

DATED: 10/19/2010

Hon. Roger T. Benitez
United States District Court Judge

---

[1] The Court suspects Plaintiff is seeking attorneys' fees based on a contractual claim because counsel indicated in his declaration that invoices sent to Defendant stated that Defendant would be liable for attorneys' fees under PACA. However, the invoices are not included and Plaintiff has provided no authority for imposing attorneys' fees under PACA based solely on an invoice.